WILLIAM D. HYSLOP, United States Attorney
DEREK T. TAYLOR, Assistant United States Attorney
United States Attorney's Office
Eastern District of Washington
920 West Riverside Avenue, Suite 340
P.O. Box 1494, Spokane WA 99201
Tel: (509) 835-6319; Fax: (509) 835-6397
E-mail: DTaylor4@usa.doj.gov

PAUL E. SALAMANCA, Deputy Assistant Attorney General
EMMA HAMILTON, Trial Attorney
Natural Resources Section
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
Tel: (202) 305-0479
Fax: (202) 305-0506
E-mail: emma.hamilton@usdoj.gov

SHAUN M. PETTIGREW, Trial Attorney
Natural Resources Section
c/o NOAA, Damage Assessment
7600 Sand Point Way, NE
Seattle, WA 98115
Phone: (206) 526-6881
shaun.pettigrew@usdoj.gov

*Attorneys for Federal Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE LANDS COUNCIL, WESTERN WATERSHEDS PROJECT, and KETTLE RANGE CONSERVATION GROUP; | Case No. 2:20-cv-00324-RMP **ANSWER** |
| *Plaintiffs*, | |
| v. | |

U.S. FOREST SERVICE; GLENN
CASAMASSA, Pacific Northwest
Regional Forester, U.S. Forest Service;
RODNEY SMOLDON, Forest
Supervisor, Colville National Forest;

       *Federal Defendants.*

      Federal Defendants hereby respond to the allegations in Plaintiffs'
Complaint for Declaratory and Injunctive Relief (Complaint), ECF No. 1, in the
above-captioned action.  The numbered paragraphs in this Answer correspond to
the numbered paragraphs in the Amended Complaint.

## "I.    INTRODUCTION"[1]

      1.    The allegations in this paragraph constitute Plaintiffs'
characterization of this case to which no response is required.

      2.    Federal Defendants admit the allegations in the first sentence of this
paragraph.  The remaining allegations in this paragraph are too vague and
ambiguous to permit Federal Defendants to frame a response, and are denied on
that basis.  Additionally, to the extent the photo below this paragraph constitutes
additional allegations, Federal Defendants deny those allegations because they
lack sufficient knowledge or information to form a belief as to the truth of the
allegations.

---

[1] The headings here correspond to the headings in the Complaint.  Federal
Defendants include them strictly to provide convenient reference to the
Complaint and do not intend them to form any substantive part of Federal
Defendants' Answer.  To the extent the Complaint headings make substantive
allegations, Federal Defendants deny those allegations.

3.      Federal Defendants admit the allegations in the first sentence of this paragraph.  Federal Defendants deny the allegations in the second sentence of this paragraph.  The allegations in the third and fourth sentences of this paragraph purport to characterize the final environmental impact statement (FEIS) for the 2019 revision of the Colville Forest Plan (2019 Forest Plan), which speaks for itself and is the best evidence of its content.

4.      Federal Defendants deny the allegations in this paragraph.

5.      The allegations in the first sentence of this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its content.  Federal Defendants deny the allegations in the second and third sentences of this paragraph.  Federal Defendants deny the allegations in the footnote to this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations, which purport to characterize an unidentified "[a]nalysis of data."

6.      The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

7.      The allegations in the first sentence of this paragraph purport to characterize the 2019 Forest Plan, which speaks for itself and is the best evidence of its content.  The allegations in the second sentence of this paragraph are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on this basis.  The allegations in the third sentence of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in the third sentence of this paragraph.

8.      Federal Defendants deny the allegations in this paragraph.

FEDERAL DEFENDANTS' ANSWER   3

9.     The allegations in the first sentence of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in the first sentence of this paragraph.  The allegations in the second sentence of this paragraph constitute Plaintiffs' characterization of this case to which no response is required.  The allegations in the third sentence of this paragraph constitute Plaintiffs' requested relief to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in this paragraph and deny that Plaintiffs are entitled to any relief whatsoever.

**"II.    JURISDICTION AND VENUE"**

10.     The allegations in this paragraph constitute conclusions of law to which no response is required.

11.     The allegations in this paragraph constitute conclusions of law to which no response is required.

12.     The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants admit venue is proper in the Eastern District of Washington.

13.     The allegations in this paragraph constitute conclusions of law to which no response is required.

**"III.  PARTIES"**

14.     Federal Defendants deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

15.     Federal Defendants deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

FEDERAL DEFENDANTS' ANSWER   4

16.     Federal Defendants deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

17.     Federal Defendants deny the allegations in the first five sentences of this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.  The allegations in the sixth sentence of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in the sixth sentence of this paragraph.

18.     Federal Defendants deny the allegations in the first sentence of this paragraph that "Plaintiffs participated in the comment and objection phases of the development of the 2019 Plan," and aver that Plaintiffs Kettle Range Conservation Group, The Lands Council, and Western Watersheds Project submitted a joint objection letter following release of the FEIS and draft record of decision (ROD), but only the Kettle Range Conservation Group and The Lands Council submitted comments during the various public comment periods under the National Environmental Policy Act (NEPA).  Federal Defendants deny the remaining allegations in the first sentence as well as the second and third sentences of this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.  The allegations in the fourth sentence of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in the sixth sentence of this paragraph.

19.     Federal Defendants admit the allegations in the first clause of this paragraph.  The remaining allegations in this paragraph constitute conclusions of law to which no response is required.

FEDERAL DEFENDANTS' ANSWER  5

20.    Federal Defendants admit the allegations in the first sentence of this paragraph.  Federal Defendants admit the allegations in the second sentence of this paragraph that Glen Casamassa signed the final ROD for the 2019 Forest Plan.  The remaining allegations in the second sentence of this paragraph contain Plaintiffs' characterization of the case to which no response is required.

21.    Federal Defendants admit the allegations in the first and second sentences of this paragraph. The allegations in the third sentence of this paragraph contain Plaintiffs' characterization of the case to which no response is required.

22.    The allegations in this paragraph contain Plaintiffs' characterization of the Complaint to which no response is required.

## "IV.  LEGAL BACKGROUND"

### "A.    National Forest Management Act"

23.    The allegations in this paragraph constitute conclusions of law to which no response is required.

24.    The allegations in this paragraph constitute conclusions of law to which no response is required.

25.    The allegations in this paragraph constitute conclusions of law to which no response is required.

26.    The allegations in this paragraph constitute conclusions of law to which no response is required.

27.    Federal Defendants admit the allegations in the first sentence of this paragraph as well as the allegations in the first sentence of the footnote at the end of the first sentence.  The allegations in the second sentence of the footnote at the end of the first sentence of this paragraph contain Plaintiffs' characterization of the Complaint to which no response is required.  Federal Defendants admit the allegations in the first clause of the second sentence of this paragraph.  The allegations in the second clause of the second sentence of this paragraph

FEDERAL DEFENDANTS' ANSWER   6

constitute conclusions of law to which no response is required. Federal Defendants admit the allegations in the third sentence of this paragraph. The allegations in the footnote at the end of the third sentence constitute conclusions of law to which no response is required.

28.    The allegations in this paragraph constitute conclusions of law to which no response is required.

29.    The allegations in this paragraph constitute conclusions of law to which no response is required.

30.    The allegations in this paragraph constitute conclusions of law to which no response is required.

31.    The allegations in this paragraph constitute conclusions of law to which no response is required.

32.    The allegations in this paragraph constitute conclusions of law to which no response is required.

33.    The allegations in this paragraph purport to characterize "U.S. Forest Service, Rangeland Suitability for Livestock Grazing at the Forest Plan Level and Standards for NEPA Display (rev. March 2003)", which speaks for itself and is the best evidence of its content.

34.    The allegations in this paragraph constitute conclusions of law to which no response is required.

35.    The allegations in this paragraph constitute conclusions of law to which no response is required. In addition, the allegations in the third sentence of this paragraph purport to characterize the Forest Service Handbook, which speaks for itself and is the best evidence of its content.

36.    The allegations in this paragraph constitute conclusions of law to which no response is required.

**"B.    Federal Land Policy and Management Act"**

FEDERAL DEFENDANTS' ANSWER   7

37.    The allegations in this paragraph constitute conclusions of law to which no response is required.

38.    The allegations in this paragraph constitute conclusions of law to which no response is required.

39.    The allegations in this paragraph constitute conclusions of law to which no response is required.

40.    The allegations in this paragraph constitute conclusions of law to which no response is required.

41.    The allegations in the first sentence of this paragraph purports to characterize the Forest Service Handbook, which speaks for itself and is the best evidence of its content.  The allegations in the second sentence of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in the second sentence of this paragraph and aver that annual operating instructions are not required by law or regulation.

**"C.    National Environmental Policy Act"**

42.    The allegations in this paragraph constitute conclusions of law to which no response is required.

43.    The allegations in this paragraph constitute conclusions of law to which no response is required.

44.    The allegations in this paragraph constitute conclusions of law to which no response is required.

45.    The allegations in this paragraph constitute conclusions of law to which no response is required.

**"D.    Administrative Procedure Act"**

46.    The allegations in this paragraph constitute conclusions of law to which no response is required.

FEDERAL DEFENDANTS' ANSWER   8

47.    The allegations in this paragraph constitute conclusions of law to which no response is required.

48.    The allegations in this paragraph constitute conclusions of law to which no response is required.

## "V.    FACTS"

### "A.    The Colville National Forest"

49.    Federal Defendants admit the allegations in this paragraph.

50.    Federal Defendants admit the allegations in this paragraph.

51.    The allegations in this paragraph are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on that basis.

52.    The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its content.

53.    The allegations in the first sentence of this paragraph regarding "wide variety" are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on that basis.  Federal Defendants aver that wildlife and plants inhabit the Colville National Forest including some wildlife that are listed under the Endangered Species Act (ESA) and some wildlife and plants that are identified as sensitive species by the Forest Service.  Federal Defendants deny the allegation in the second sentence of this paragraph that the wolverine is a candidate for listing under the ESA.  Federal Defendants admit the remaining allegations in the second sentence of this paragraph.  The allegations in the third sentence of this paragraph regarding "significant elk herd" are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on that basis.  Federal Defendants admit the remaining allegations in the third sentence of this paragraph.  The allegations in the fourth sentence of this paragraph are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on that basis.

FEDERAL DEFENDANTS' ANSWER   9

**"B.    Grazing in the Colville National Forest"**

54.    The allegations in the first and second sentences of this paragraph are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on that basis.  Federal Defendants admit the allegations in the third and fourth sentences of this paragraph.

55.    The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its content.

56.    The allegations in the first clause of the first sentence of this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its content.  Federal Defendants deny the allegations in the second clause of the first sentence of this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.  The allegations in the second sentence of this paragraph purports to characterize the FEIS, which speaks for itself and is the best evidence of its content.  Federal Defendants admit the allegations in the third sentence of this paragraph.

57.    The allegations in the first a sentence of this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its content.  The allegations in the second sentence of this paragraph, including the footnote, purport to characterize information on a website, which speaks for itself and is the best evidence of its content.  The allegations in the third sentence of this paragraph purports to characterize "USDA-Forest Service, *National Allotment NEPA Schedule, 2017-2028*," which speaks for itself and is the best evidence of its content.

58.    The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its content.

59.    The allegations in the first sentence of this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its

content.  Federal Defendants deny the remaining allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations, which purport to characterize an unidentified analysis of data.

60.     Federal Defendants admit the allegations in the first two clauses of the first sentence of this paragraph.  Federal Defendants deny the allegations in the third clause of the first sentence of this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations, which purport to characterize an unidentified analysis of data.  Federal Defendants admit the allegations in the second sentence of this paragraph that the operative allotment management plan for the Silver Creek Grazing allotment is from 1981. The remaining allegations in the second sentence of this paragraph purport to characterize the allotment management plan for the Silver Creek Grazing allotment, which speaks for itself and is the best evidence of its content.  Federal Defendants admit the allegations in the first two clauses of the third sentence of this paragraph.  Federal Defendants deny the allegations in the third clause of the third sentence of this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations, which purport to characterize an unidentified analysis of data.  Federal Defendants admit the allegations in the fourth sentence of this paragraph.  Additionally, to the extent the maps below this paragraph constitute additional allegations, Federal Defendants deny those allegations because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

**"C.    Harm to the Forest by Overgrazing"**

61.     Federal Defendants deny the allegations in this paragraph. Additionally, to the extent the photos below this paragraph constitute additional allegations, Federal Defendants deny those allegations because they lack

sufficient knowledge or information to form a belief as to the truth of the allegations.

62.     Federal Defendants deny the allegations in this paragraph.

63.     The allegations in this paragraph are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on this basis.

64.     Federal Defendants deny the allegations in the first sentence of this paragraph.  The allegations in the second sentence of this paragraph are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on this basis.  Federal Defendants deny the allegations in the third sentence of this paragraph.

65.     Federal Defendants deny the allegations in this paragraph.

66.     The allegations in this paragraph are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on this basis.

67.     The allegations in this paragraph are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on this basis.

68.     The allegations in this paragraph are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on this basis.

69.     Federal Defendants admit the allegations in the first sentence of this paragraph.  Federal Defendants deny the allegations in the second sentence of this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.  Federal Defendants deny the allegations in the third sentence of this paragraph.  Federal Defendants deny the allegations in the fourth sentence of this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

**"D.     The Colville's Forest Plan Revision"**

70.     Federal Defendants deny the allegations in the first sentence of this paragraph.  Federal Defendants deny the allegations in the second sentence of this

paragraph and aver that the public scoping process for the Forest Plan revision process that was adopted in 2019 began on June 30, 2011, with the publication of a notice of intent in the Federal Register.  Federal Defendants deny the allegations in the third sentence of this paragraph.  The allegations in the third sentence of this paragraph purport to characterize the draft environmental impact statement (DEIS), which speaks for itself and is the best evidence of its content.

71.    Federal Defendants admit the allegations in this paragraph that Plaintiff Kettle Range Conservation Group submitted comments on the DEIS and draft revised Forest Plan.  The remaining allegations in this paragraph purport to characterize those comments, which are the best evidence of their content.

72.    Federal Defendants admit the allegations in this paragraph.

73.    Federal Defendants admit the allegations in the first sentence of this paragraph that Plaintiffs submitted objections under the objection process set forth at 36 C.F.R. § 219 subpart B.  The remaining allegations in this paragraph purport to characterize those objections, which speak for themselves and are the best evidence of their content.

74.    Federal Defendants admit the allegations in the first sentence of this paragraph and aver that the final ROD and FEIS were signed on October 21, 2019.  The allegations in the second sentence of this paragraph constitutes a conclusion of law to which no response is required.  The allegations in the first clause of third sentence of this paragraph purports to characterize the Forest Plan, which speaks for itself and is the best evidence of its content.  The remaining allegations in the third sentence of this paragraph are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on this basis.

75.    The allegations in the first sentence of this paragraph purport to characterize the DEIS and FEIS, which speak for themselves and are the best evidence of their content.  The allegations in the second sentence of this

paragraph purport to characterize "Plan documents," which speak for themselves and are the best evidence of their content.  The allegations in the third sentence of this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its content.

76.     The allegations in this paragraph, including the footnote, purport to characterize the FEIS, which speaks for itself and is the best evidence of its content.

77.     Federal Defendants deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations, which purport to characterize an unidentified analysis of data.

78.     Federal Defendants deny the allegations in the first sentence and the first clause of the second sentence of this paragraph.  The remaining allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its content.

79.     The allegations in the first sentence of this paragraph constitute legal conclusions to which no response is required.  The allegations in the first sentence of this paragraph also purport to characterize certain regulations and "Final Plan Documents," which speak for themselves and are the best evidence of their content.  The allegations in the second sentences of this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its content.

80.     The allegations in this paragraph purport to characterize the FEIS and 2019 Forest Plan, which speak for themselves and are the best evidence of their content.

81.     The allegations in the first sentence of this paragraph purport to characterize the "Final Plan Documents," which speak for themselves and are the best evidence of their content.  The allegations in the second sentence of this

FEDERAL DEFENDANTS' ANSWER   14

paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its content.

82.     The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its content.

83.     The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its content.

84.     The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its content.

85.     The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its content.

86.     The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its content.

87.     The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its content.

88.     The allegations in this paragraph purport to characterize "Final Plan Documents," which speak for themselves and are the best evidence of their content.

89.     The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its content.

90.     The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its content.

91.     The allegations in this paragraph purport to characterize "Final Plan Documents," which speak for themselves and are the best evidence of their content.

92.     The allegations in this paragraph purport to characterize the 2019 Forest Plan, which speaks for itself and is the best evidence of its content.

FEDERAL DEFENDANTS' ANSWER   15

93.    The allegations in the first sentence of this paragraph purport to characterize the 2019 Forest Plan, which speaks for itself and is the best evidence of its content.  The allegations in the second sentence of this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its content.

**"E.    Implementation of the Revised Forest Plan"**

94.    The allegations in this paragraph purport to characterize the "Final Plan Documents," which speak for themselves and are the best evidence of their content.

95.    The allegations in this paragraph purport to characterize the final ROD, which speaks for itself and is the best evidence of its content.

96.    The allegations in the first sentence of this paragraph purport to characterize the draft ROD, which speaks for itself and is the best evidence of its content.  The allegations in the second sentence of this paragraph purport to characterize the 2018 EIS and DEIS, which speak for themselves and are the best evidence of their content.

97.    The allegations in this paragraph purport to characterize the final ROD, which speaks for itself and is the best evidence of its content.

98.    The allegations in the first sentence of this paragraph purport to characterize Appendix B to the 2019 Forest Plan, which speaks for itself and is the best evidence of its content.  The allegations in the second sentence of this paragraph purports to characterize the "Final Plan Documents," which speak for themselves and are the best evidence of their content.  The allegations in the third sentence of this paragraph purports to characterize the National Allotment NEPA Schedule for 2017 to 2028, which speaks for itself and is the best evidence of its content.

99.    The allegations in the first sentence of this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its content.  Federal Defendants deny the allegations in the second sentence of this paragraph.

100.    The allegations in the first clause of the first sentence of this paragraph purports to characterize the final ROD, which speaks for itself and is the best evidence of its content.  The allegations in the second clause of the first sentence of this paragraph are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on this basis.  Federal Defendants aver that annual operating instructions (AOIs) are not issued to holders of grazing permits on the Forest.  The allegations in the second and third sentences of this paragraph are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on this basis.  Federal Defendants aver that pre-season meetings were held with holders of grazing permits on the Forest between April and June 2020.  The allegations in the fourth sentence of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in the fourth sentence of this paragraph.

101.    The allegations in the first and second sentences of this paragraph are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on this basis.  Federal Defendants admit the allegations in the third sentence of this paragraph that "no changes were made to implement any of the standards and guidelines contained in the 2019 Plan," and aver that, consistent with the National Forest Management Act and final ROD, grazing on the Forest continues to be managed through permits issued under the 1988 Forest Plan, which was in effect at the time the permits were issued.  Federal Defendants deny the remaining allegations in the third sentence of this paragraph.

FEDERAL DEFENDANTS' ANSWER   17

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**"I. [sic]      CLAIMS"**

**"<u>First Claim</u> – The Forest Service Failed to Adjust Grazing Strategy in the 2019 Plan in Accordance with Its Capability and Suitability Analysis, in violation of NFMA"**

102.   Federal Defendants restate and incorporate by reference their response to all preceding paragraphs.

103.   The allegations in this paragraph constitute conclusions of law to which no response is required.

104.   The allegations in this paragraph constitute conclusions of law to which no response is required.

105.   The allegations in this paragraph constitute conclusions of law to which no response is required.

106.   The allegations in the first, second, and fourth sentences of this paragraph purport to characterize the "Final Plan Documents," which speak for themselves and are the best evidence of their content.  The allegations in the third sentence of this paragraph purports to characterize the 2019 Forest Plan, which speaks for itself and is the best evidence of its content.

107.   The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

108.   The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

**"<u>Second Claim</u> – The Forest Service Failed to Consider Necessary Factors in Determining the Capability and Suitability of Land for Grazing, in violation of NFMA"**

109.   Federal Defendants restate and incorporate by reference their response to all preceding paragraphs.

110.   The allegations in this paragraph constitute conclusions of law to which no response is required.

111.   The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its content.

112.   The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its content.

113.   The allegations in the first sentence of this paragraph constitute conclusions of law to which no response is required.  Federal Defendants deny the allegations in the second and third sentences of this paragraph.

114.   The allegations in the first sentence of this paragraph constitute conclusions of law to which no response is required.  Federal Defendants deny the allegations in the second sentence of this paragraph.

115.   The allegations in the first sentence of this paragraph constitute conclusions of law to which no response is required.  Federal Defendants deny the allegations in the second sentence of this paragraph.  The allegations in the third sentence of this paragraph are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on that basis.

116.   Federal Defendants deny the allegations in the first sentence of this paragraph.  The allegations in the second sentence of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in the second sentence of this paragraph.

117.   The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

**"Third Claim** – The Forest Service Failed to Adequately Identify Suitable and Capable Grazing Land, in Violation of NFMA and NEPA"

118.    Federal Defendants restate and incorporate by reference their response to all preceding paragraphs.

119.    The allegations in this paragraph constitute conclusions of law to which no response is required.

120.    The allegations in this paragraph constitute conclusions of law to which no response is required.

121.    The allegations in this paragraph constitute conclusions of law to which no response is required.

122.    The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its content.

123.    The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

124.    The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

**"Fourth Claim** – The Forest Service Failed to Consider a Range of Grazing Alternatives, in Violation of NFMA and NEPA"

125.    Federal Defendants restate and incorporate by reference their response to all preceding paragraphs.

126.    The allegations in this paragraph constitute conclusions of law to which no response is required.

127.    The allegations in this paragraph constitute conclusions of law to which no response is required.

128.    The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

129.    The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

**"Fifth Claim – The Forest Service Failed to take the Required 'Hard Look' at the Ecological Effects of Overgrazing, in Violation of NEPA"**

130.    Federal Defendants restate and incorporate by reference their response to all preceding paragraphs.

131.    The allegations in this paragraph constitute conclusions of law to which no response is required.

132.    The allegations in this paragraph constitute conclusions of law to which no response is required.

133.    The allegations in this paragraph constitute conclusions of law to which no response is required.

134.    The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

135.    The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

**"Sixth Claim – The Forest Service Failed to Revise Allotment-Level Grazing Authorizations to Limit, Condition, or Prohibit Grazing on Land not Capable and Suitable for Grazing, in Violation of NFMA"**

136.    Federal Defendants restate and incorporate by reference their response to all preceding paragraphs.

137.    The allegations in this paragraph constitute conclusions of law to which no response is required.

138.    The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

139.    The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

140.    The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

## "VI.    REQUEST FOR RELIEF"

The remaining paragraphs of Plaintiffs' Complaint, denominated A-H constitute Plaintiffs' request for relief to which no response is required.  To the extent a further response may be required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Federal Defendants deny each and every allegation of the Complaint not otherwise expressly admitted, qualified, or denied herein.  In addition, Federal Defendants hereby expressly reserve the right to plead any affirmative defenses, jurisdictional or justiciability bars to Plaintiffs' claims, or any applicable state or federal statutes that it may determine apply to this case as litigation of such claims proceeds.

## AFFIRMATIVE DEFENSES

1.    Plaintiffs have waived some or all of their claims by not raising them during the administrative process.

2.     Federal Defendants reserve the right to assert additional affirmative defenses during the course of this litigation.

WHEREFORE, Federal Defendants request that the Court dismiss the Complaint in its entirety, render judgment for Federal Defendants and against Plaintiffs, and grant Federal Defendants any further relief that the nature of the case and justice require.

Respectfully submitted this 16th day of November, 2020.

*/s/ Shaun M. Pettigrew*
SHAUN M. PETTIGREW
Trial Attorney
Natural Resources Section
c/o NOAA, Damage Assessment
7600 Sand Point Way, NE
Seattle, WA 98115
Phone: (206) 526-6881
shaun.pettigrew@usdoj.gov

EMMA L. HAMILTON
Trial Attorney
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tele: (202) 305-0479
emma.hamilton@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system.


*/s/ Shaun M. Pettigrew*
SHAUN M. PETTIGREW
U.S. Department of Justice